No. 14,409.

STATE OF LOUISIANA vs. POLITE SONIER.

SYLLABUS.

1. Act 44 of 1890, when reasonably interpreted, is not obnoxious to the objection that it denounces as a crime an act which might be consistent with innocence.
2. It is a rule of universal application that when a statute creates an offense and sets out the facts which constitute it the offense may be sufficiently charged in the language of the statute.
3. In order to justify the courts in holding a statute to be void, it must be alleged and proved that it is unconstitutional.

A PPEAL from the Fifteenth Judicial District, Parish of Calcasieu —*Miller, J.*

*Walter Guion,* Attorney General, and *Joseph Moore,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Daniel B. Gorham and Sompayrac & Toomer,* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J. The defendant appeals from a conviction and sentence under an indictment which charges that "he did, with a dangerous

weapon, to-wit, a knife, strike, thrust, cut and stab one Solomon Botley with intent, him, the said Solomon Botley, then and there, to kill and slay, contrary to the form of the statute of the State of Louisiana," etc. He relies upon a motion in arrest of judgment in which it is alleged that the indictment "describes no offence known to the law, or punishable under any of the statutes of the State of Louisiana. * * * That it is not charged that said act or intent were either wilful, felonious, or even unlawful; hence, no offense is charged."

The indictment was framed in conformity to section 1 of act 44 of 1898, which reads "That whoever shall shoot, stab, cut, strike, or thrust any person with a dangerous weapon, with intent to kill, shall be deemed guilty of a crime, and, on conviction thereof, shall suffer imprisonment, with or without hard labor, for not more than three years."

The learned counsel for the defendant say in their brief; that it was not charged that the intent was wilful, felonious, or even unlawful, and *non constat,* but that the accused might have acted in self-defense, or to prevent the perpetration of a felony.

In the case of State vs. Bolden, 107 La. 116 (31 S. R. 393), it was said of this argument, "It has been again and again answered"; and this court quoted with approval, the following language from the opinion of the Supreme Court of the United States in U. S. vs. Kirby, 7 Wallace, 482, to-wit: " The common sense of man approves the judgment mentioned by Puffendorf, that the Bolognian law, which enacted that whosoever drew blood in the streets should be punished with the utmost severity, did not extend to a surgeon who opened the vein of a person who fell down in the street in a fit. The same common sense accepts the ruling cited by Plowden that the statute of I. Edw. 11, which enacts that a prisoner who breaks prison shall be guilty of felony, does not extend to a prisoner who breaks out when the prison is on fire, for he is not to be hanged because he would not stay to be burnt." And it was held that the statute under consideration, when reasonably interpreted, is not obnoxious to the objection urged. We adhere to the views thus expressed. Beyond this, it will be observed that the indictment in the instant case was framed in the language of the statute, and "while it is essential that all the facts constituting an offense must be so stated as to bring the defendant precisely within the law, it is a rule of universal application that,

when a statute creates an offense and sets out the facts which constitute it, the offense may be sufficiently charged in the language of the statute." Ency. of Pl. and Pr., Vol. 10, p. 483. In order, therefore, to justify us in holding the act now under consideration to be void, it would be necessary to allege and show that it is unconstitutional, which has not been done.

Judgment affirmed.