For the reasons assigned, the judgment appealed from is affirmed, with costs.

---

(94 South. 858)

No. 25579.

### STATE v. ROSBOROUGH.

(Nov. 27, 1922. Rehearing Denied Dec. 29, 1922.)

*(Syllabus by the Court.)*

1. **Constitutional law** ⬿46(2) — **Attack on constitutionality of statute may be disregarded when ground not stated.**

The Supreme Court may decline to notice an attack on the constitutionality of a statute which fails to state the grounds relied upon.

2. **Attorney and client** ⬿1—**Constitutional law** ⬿206(4), 238(1), 296(1) — **Right to practice law not natural or constitutional right; right to practice not privilege or immunity of United States citizens.**

The right to practice law is not a natural or constitutional right, but is a privilege or franchise subject to the control of the Legislature, and limited to persons of good moral character with special qualifications ascertained and certified as prescribed by law.

3. **Attorney and client** ⬿11—**State may punish unlicensed person holding himself out as entitled to practice.**

Since the right to practice law is limited to those who are licensed for that purpose, it follows that for an unlicensed person to hold himself out as entitled to practice law is a species of fraud which the state may punish, to the end that the public may not be deceived to its injury.

4. **Criminal law** ⬿1158(1)—**Supreme Court cannot re-examine facts.**

The Supreme Court cannot re-examine the facts in a criminal case.

Appeal from Criminal District Court, Parish of Orleans; Richard A. Dowling, Judge.

E. J. Rosborough was convicted of an offense, and he appeals. Affirmed.

E. J. Rosborough, of New Orleans, in pro. per.

A. V. Coco, Atty. Gen., T. Semmes Walmsley, Asst. Atty. Gen., and R. H. Marr., Dist. Atty., and Charles G. Gill, Asst. Dist. Atty., both of New Orleans, for the State.

By the WHOLE COURT.

ST. PAUL, J. Defendant was charged and convicted of unlawfully holding himself out to the public as being entitled to practice law in the courts of record of this state, and assuming to be an attorney and counselor at law, contrary to the provisions of Act 163 of 1920, § 1.

The only matter before us is a motion to quash the charge on the ground that said act is unconstitutional.

[1] As the motion fails to state any ground for the unconstitutionality of the statute, we might decline to notice the attack upon it. State v. Sonier, 107 La. 794, 32 South. 175; Grinage v. Publishing Co., 107 La. 121, 31 South. 682; State v. Capdeveille, 104 La. 561, 29 South. 215.

[2] But the defendant conceives, and in brief and in argument urges, that he is denied some right guaranteed to him by the Fourteenth Amendment to the Constitution of the United States, and section 2 of article 1 of the Louisiana Constitution of 1921, to wit, that no person shall be deprived of life,

liberty, or property without due process of law, or be denied the equal protection of the law.

As to this, suffice it to say that the right to practice law in the state courts is not a privilege or immunity of a citizen of the United States. In re Lockwood, 153 U. S. 116, 14 Sup. Ct. 1082, 38 L. Ed. 929.

For the rest—

"The practice of law is not a business open to all who wish to engage in it, nor is it a natural right or one guaranteed by the Constitution; but a personal right or privilege limited to a few persons of good moral character, with special qualifications, duly ascertained and certified. It is in the nature of a franchise from the state conferred only for merit, and is not a lawful business except for members of the bar who have complied with all the conditions required by statute and the rules of court." 2 Ruling Case Law, p. 940.

And again—

"The right to practice law is not a natural or constitutional right, but is a privilege or franchise subject to the control of the Legislature, and limited to persons of good moral character with special qualifications ascertained and certified as prescribed by law." 6 Corpus Juris, p. 569.

[3] Since the right to practice law is limited to those who are licensed for that purpose, it follows that for an unlicensed person to hold himself out as entitled to practice law is a species of fraud, which the state may punish, to the end that the public may not be deceived to its injury.

[4] Appellant complains that the evidence did not show that he held himself out as entitled to practice law, etc. But this court cannot re-examine the facts in a criminal case. Const. 1921, art. 7, § 10.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.