121 So.2d 87

**Warren J. MOITY**

**v.**

**LOUISIANA STATE BAR ASSOCIATION.**

No. 45062.

May 31, 1960.

Charles J. Rivet, New Orleans, for petitioner.

Frank McLoughlin, Joseph McCloskey, New Orleans, for respondent.

GARDINER, Justice ad hoc.

Warren J. Moity, by petition addressed to this Court, prayed that an Order issue to the Committee on Bar Admissions of the Louisiana State Bar Association directing the said Committee to permit him to take the State Bar examinations scheduled for March 14, 15 and 16, 1960, alleging that despite the fact that he had filled all questionnaires and given the required notices to the Committee relative to pursuit of his studies of law—which studies were begun on June 11, 1951 under supervision of a reputable attorney with the required practice experience, were discontinued and later resumed, on January 2, 1959, under supervision of another such attorney—yet his application dated January 2, 1959 for permission to study under supervision of the latter attorney had been later declined by the Committee's letter of June 17, 1959, for the stated reason that he had not complied with requirements of the rules as to producing satisfactory evidence of good moral character; that he had asked for a reconsideration, had furnished additional character references and requested an opportunity to appear before the Committee to explain any matter relative to his studies or his character which might arise, but had

been informed by the Committee's letter of September 18, 1959 that further investigation had resulted in adherence to its position as expressed in the June 17th communication. Petitioner complains that while the Committee stated it had made an extensive investigation, it denied to him a view of its files on the ground that they are considered confidential; he asserts that the Committee's refusal to disclose the information upon which it acted to his prejudice denies to him the right to further establish his good moral character and makes the Committee the sole and arbitrary judge by requiring that it alone be satisfied of an applicant's moral character—though without a declaration of acceptable standards or criteria, contrary to fundamental principles of justice and of constitutional law. Upon considering these allegations and under petitioner's alternative prayer that the Court grant such other relief as may be just, equitable and proper, we ordered the Louisiana State Bar Association and its Committee on Bar Admissions to show cause on a certain day and hour why the petitioner should not be permitted to take the Bar Examinations.[1]

In response to the above Order the Louisiana State Bar Association and the Committee on Bar Admissions appeared and made these representations: Following petitioner's notification of June 18, 1951 of his interest in studying law and submission of his completed questionnaire, as well as two certificates (filed June 18 and July 17, 1951) by the designated attorney stating that petitioner had undertaken such study with him and indicating that the required periodic reports would be filed, nothing further was ever heard of this undertaking; it was therefore presumed abandoned, and the period during which study was pursued is not known; on January 2, 1959 petitioner wrote the Committee that his study of law as mentioned above had been discontinued after "some two years," that he had now made arrangements to pursue his studies under Mr. Allen Lacobie, a practicing attorney of Lafayette, to continue from "January 2, 1959 until the three years will have elapsed," and another questionnaire was completed and returned to the Committee; Mr. Lacobie also executed and submitted his affidavit certifying commencement of study on January 2, 1959; further, that an-

1. Due to the lapse of time, on the return day (April 25, 1960) the issue of whether petitioner should be permitted to take Bar examinations scheduled for March 14, 15 and 16, 1960 had become moot; but in any case, due to the requirement that at least thirty days prior to the date fixed for an examination each applicant must submit certain documents including his application on the prepared form ad-dressed to the Committee on Bar Admissions and accompanied by a fee, this petition, filed on February 16, 1960, came too late. See Article XII, Sec. 7 of Articles of Incorporation of the Louisiana State Bar Association, as amended to November 10, 1959, appearing in Revised Statutes of Louisiana, 1950, Vol. 21, Cumulative Annual Pocket Part, at page 70 et seq., following LSA–R.S. 37:218.

swers to a character questionnaire executed by petitioner on February 4, 1959 and returned to the Committee on Bar Admissions indicated that a number of civil suits and several criminal proceedings had been instituted against petitioner, with attached explanation as to the nature and outcome of same; that for the past several years it '(the Committee) has deemed the course advisable, where facts are brought to its attention which may affect its decision as to an applicant's qualifications for admission, to investigate and come to a conclusion, and where information is developed which would at the appropriate time lead the Committee to decline a person's application for permission to take the Bar examinations, it has advised him immediately rather than wait until he has completed three years of study; and it was this action on the part of the Committee which led to the instant petition for permission to take the Bar examinations—a request which is clearly premature since petitioner has obviously not qualified as an applicant to be admitted to practice; [2] his answers indicate he is not a graduate of a law school, and he has failed to furnish the Committee with the required certificates of attorneys to the effect that he has pursued the study under their supervision for a period of three years, having only furnished certificates evidencing the fact that he commenced the study of law in 1951 under one attorney, that he recommenced the study of law in 1959 under another attorney, and has apparently pursued the latter for a year, according to a certificate filed by Lacobie in January 1959 and progress reports of July, 1959 (acknowledged by the Committee with the comment that petitioner's application had been declined) and January, 1960. The Committee represents that, as a creature of this Court appointed to make certain investigations and report its findings to us, it is not so constituted as to permit it to hold hearings or to permit applicants to question before it the reasons leading to or information

2. Art. XII, Sec. 7, subd. 2 of the Articles of Incorporation of the La. State Bar Association (footnote 1, supra) requires that "Every applicant to be admitted to the practice of law in this State * * * must produce satisfactory evidence that he is: * * * (d) Either (1) a graduate of an approved law school belonging to the Association of American Law Schools, * * * or (2) has completed at least three years of college work and has pursued the study of law in keeping with the conditions hereinafter set forth for a period of three years, except as otherwise herein provided, under the supervision of a reputable Louisiana lawyer who has been engaged in active practice for not less than five years and who shall issue and sign under oath properly administered a certificate furnished for such purpose by the Committee on Bar Admissions, provided that up to October 1, 1956, in lieu of three years college work, the equivalent of a high school education only shall be required."

upon which its recommendations to this Court are based; it has no right to subpoena or swear witnesses, to employ investigators, to take or transcribe testimony or to act as a trial body before which any applicant may demand or seek enforcement of rights which may be given him by the Constitution of the United States or of this State; and that the Committee understands to be confidential to it the information upon which its certification of applicants to this Court is granted or refused and that such information can properly be given by it only to the Court for such action as we may deem fit.

In response to the above showing, counsel for petitioner objects that the Bar Association and its Committee are making a tardy attempt to raise issues not presented by petitioner's application; that no questions were raised in any of the Committee's letters relative to petitioner's scholastic qualifications, and that the sole pertinent questions are whether or not petitioner has complied with the requirements of the rules as to producing satisfactory evidence of good moral character and "whether or not the Committee is constitutionally competent by ex parte and secret processes to make a conclusive and irrebuttable finding that petitioner is not possessed of good moral character." Counsel submit that the main issue, as to petitioner's moral character, should be determined by this Court, and pray that we order the Committee to admit him to its next examination.

 The practice of law is not open to all who wish to engage in it, nor is the pursuit of the legal profession a natural, inherent or vested right, or one guaranteed by the Constitution; it is a personal privilege, granted by license from the Court and in the nature of a franchise from the State, limited to persons of good moral character, with special qualifications ascertained and certified as prescribed by law.[3] Under the pertinent rules, every applicant to be admitted to practice must produce satisfactory evidence that he is (a) of good moral character, (b) twenty-one years of age, (c) a citizen of the United States of America, and (d) has completed certain educational requirements; in the case of a person who studies under the supervision of an attorney, he must show to the satisfaction of this Court, by a certificate form furnished for the purpose by the Committee on Bar Admissions and executed under oath to that effect by the supervising attorney, that the said studies have been faithful-

3. State v. Rosborough, 152 La. 945, 94 So. 858, citing 2 Ruling Case Law, p. 940; Meunier v. Bernich, La.App.Orleans, 

170 So. 567; 5 Am.Juris., 270, Verbo Attorneys at Law, Sec. 14.

ly performed and satisfactorily completed.[4] The courts of final jurisdiction in this and other states have discussed the inherent or implied power of the judiciary, and found that embraced therein is the power to prescribe rules and regulations for those seeking admission to the Bar, for while the function is administrative rather than judicial in nature, admission to practice as an attorney at law is not regarded as the exercise of a mere ministerial power but as a judicial function. "The power to prescribe all reasonable rules for the admission of persons desiring to practice, subject, of course, to the paramount authority of the Constitution and laws of the state, exists as one of its [the Court's] inherent privileges, necessarily incident to its control over the membership of its bar."[5] Courts of justice have, besides the interest to protect the public against imposition or incompetence, another and special interest in the character and qualifications of the members of the bar, who are considered in this country as officers of the courts.[6]

If an investigation is made by the Committee on Bar Admissions which makes it doubtful that an applicant possesses one or more of the essential qualifications, it is the duty of the Committee to refuse to certify his name to this Court;[7] on the other hand, a person whose request for permission to study is declined, yet who conscientiously feels that he has discharged the burden which is his to produce satisfactory evidence that he is of good moral character, and who complains that the action of the Committee was "arbitrary and unreasonable," is entitled to a hearing, at which he has a right to be present, to be represented by counsel, and to be given an opportunity to hear those matters which formed the basis of the Committee's action, as well as to introduce evidence and cross-examine the witnesses against him, if any. No procedure is set up for a hearing before the Committee on Bar Admissions; it has no authority to subpoena witnesses, to take depositions, to administer oaths, or to make a record of proceedings before it; there is, however, a procedure established for cases involving discipline and disbarment which

---

4. Articles of Incorporation of La. State Bar Ass'n, Art. XII, Sec. 7.
5. 5 Am.Juris., 271, Verbo Attorneys at Law, Sec. 15; see, also, Ex parte Steckler, 179 La. 410, 154 So. 41, 44; Meunier v. Bernich, supra note 3, 170 So. at page 574, and authorities therein cited.
6. Ex parte Steckler, 179 La. at page 422, 154 So. at page 45, supra note 5.

7. Art. XII, Sec. 2 of the Articles of Incorporation of the La. State Bar Ass'n, setting forth the duties of the Committee on Bar Admissions, declares " * * * The Committee shall report in writing to the Board of Governors the names of all applicants which it finds are qualified to practice law in this State and shall certify the names of such applicants to the Supreme Court of Louisiana * * *."

incorporates all safeguards,[8] and the mechanics there provided, including the provision that "When issue is joined, the court may hear the evidence, or the court may appoint a commissioner to take the evidence in chambers," [9] may be utilized in the instant case. This Court, therefore, under its inherent rule-making power, has concluded to appoint a Commissioner for the purpose of holding a hearing and taking evidence on the issue of the good moral character of petitioner, with instructions to report the findings of such hearing to this Court in due course; and in his conduct of said hearing the Commissioner is to be guided by the procedure delineated in the Articles of Incorporation of the Louisiana State Bar Association, as mentioned above.

It is therefore ordered that Mr. Walter G. Arnette of Jennings, Louisiana, an attorney at law who has been engaged in active practice for not less than ten years, be appointed Commissioner in the instant matter, to conduct a hearing and to promptly report his findings to this Court.

8. Article XIII, Sec. 3, Articles of Incorporation of the La. State Bar Association, sets out the rights of the person, declaring that " * * * the person * * * shall have the right to compel the attendance of witnesses at any and all meetings * * * and shall have the right to compel the production of any books, records, documents or other evidence that may be relevant to the matter under investigation; * * *."

9. Article XIII, Sec. 7, Articles of Incorporation of the La. State Bar Association.