Harrison J. **CHERAMIE**, Jr.,
Plaintiff-Appellant,

v.

Honorable Ben N. **TUCKER**, etc., et al.,
Defendants-Appellees.

No. 73–3944
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 2, 1974.
Rehearing Denied June 6, 1974.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GEWIN, Circuit Judge:

The appellant, Harrison Cheramie, was severely injured in an automobile accident on March 4, 1967. He brought suit against the Louisiana Department of Highways in the state district court alleging that his injuries resulted from the Department's failure to erect and maintain two traffic control devices. On the facts as found by the trial judge he was awarded a judgment in excess of $1.2 million. Under Louisiana's system of appellate review of the facts as well as the law the Louisiana First Circuit Court of Appeal reversed and rendered judgment against the appellant finding that the factual findings of the trial court were manifestly erroneous.[1]

After several unsuccessful attempts to reverse the appellate decision upon direct review the present action was filed in the federal court. Pursuant to 42 U. S.C. § 1983 the appellant asserts that by their action the appellate judges were "persons" depriving him of his due process rights under the fourteenth amendment. In addition to the three appellate judges the State of Louisiana was named as a defendant through its Department of Highways. The district court granted the judges' motion for summary judgment and the State's motion for dismissal. We affirm.

■ It is well established that states and their political subdivisions are not "persons" within the meaning of 42 U. S.C. § 1983.[2] The same can be said of

Arthur Cobb, Baton Rouge, La., for plaintiff-appellant.

William J. Guste, Jr., Atty. Gen., Robert C. Funderburk, Jr., Sp. Counsel, Baton Rouge, La., for Hon. Ben N. Tucker, et al.

Charles Wm. Roberts, Baton Rouge, La., for State of La. et al.

---

1. In Melancon v. McKeithen, 345 F.Supp. 1025 (E.D.La.), aff'd mem. sub nom. Hill v. McKeithen, 409 U.S. 943, 93 S.Ct. 290, 34 L.Ed.2d 214 (1972), a three-judge district court held that the Louisiana system of appellate review did not violate the due process clause of the Fourteenth Amendment. The court stated:

> The law of this state is unique. Nevertheless its lawmakers, legislative and judicial, have managed to work out compromise procedures compatible with Louisiana's ci-

vilian heritage and with the Anglo-American concept of due process. There is appellate review on the facts as well as the law, but it is subject to the requirement that factual findings of a trial court or the verdict of a jury should be disturbed only when they are manifestly erroneous.

2. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Williford v. People of California, 352 F.2d 474 (9th Cir. 1965).

the various arms of state government such as the Department of Highways.[3] It is clear, therefore, that the motion to dismiss filed on behalf of the State of Louisiana through the Department of Highways was properly granted.

The appellant, however, has also sued the three appellate judges individually and in their judicial capacity. Although suing the judges individually satisfies the "person" requirement of § 1983, it does not end the appellant's problems. Section 1983 does not affect the well established rule that judges are immune from damage suits arising out of the exercise of their judicial function.[4] Chief Justice Warren clearly enunciated the necessity for the judicial immunity doctrine. He stated:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." (Scott v. Stansfield, LR 3 Ex 220, 223 (1868) quoted in Bradley v. Fisher, supra, 349, note, at 350, 20 L.Ed. at 650.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.[5]

While recognizing the judicial immunity to suits for damages the appellant contends that judges are susceptible to civil rights actions seeking equitable relief. The appellant does not seek damages from the judges. Rather he requests that this court hold their decision to be unconstitutional.

There is indeed some authority recognizing a distinction between suits for damages and suits for purely equitable relief.[6] Rarely in this line of cases, however, has there been any real interference with the discretionary functions of a judge.[7] In the instant case the requested relief would directly and irrebutably interfere with a discretionary judicial function. Furthermore, it is far from clear that the relief appellant requests is equitable. He requests us to

---

3. Bennett v. People of California, 406 F.2d 36 (9th Cir. 1969) (inapplicable to the California Department of Corrections).

4. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Zuckerman v. Appellate Div., Supreme Court of New York, 421 F.2d 625, n. 2 (2d Cir. 1970).

5. Pierson v. Ray, 386 U.S. 547, 553–554, 87 S.Ct. 1213, 1217–1218, 18 L.Ed.2d 288 (1967). The doctrine seems just as firmly entrenched in the civil law system of Louisiana as in the common law of which the Chief Justice spoke. In Killeen v. Boland, Gschwind Co., 157 La. 566, 102 So. 672, 675 (1925) the Louisiana Supreme Court stated that "[o]n the highest grounds of necessity and public policy judges cannot be held liable for acts done by them in their judicial capacity."

6. United States v. McLeod, 385 F.2d 734, 738 n. 3 (5th Cir. 1967); Jacobson v. Schaefer, 441 F.2d 127, 130 (7th Cir. 1971); Koen v. Long, 302 F.Supp. 1383 (E.D.Mo.1969); Bramlett v. Peterson, 307 F.Supp. 1311, 1321–1322 (M.D.Fla.1969); Ashenhurst v. Carey, 351 F.Supp. 708 (N.D.Ill.1972); Bilick v. Dudley, 356 F.Supp. 945 (S.D.N.Y. 1973). See also Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1972), rev'd on other grounds sub nom. O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

7. This lack of interference often has been specifically recognized. See Bramlett v. Peterson, 307 F.Supp. 1311, 1322 (M.D.Fla. 1969); and Bilick v. Dudley, 356 F.Supp. 945, 953 (S.D.N.Y.1973).

hold the state appellate decision unconstitutional, a measure which would presumably reinstate the judgment rendered in the trial court. In essence the appellant seeks reinstatement of a damage award against the State of Louisiana's Highway Department. This is a result not directly obtainable under § 1983.[8] While there is a judicial reluctance to see a result achieved indirectly which may not be achieved directly our decision need not be based on so narrow a ground.

■ The substance of the appellant's claim is not the unconstitutionality of the Louisiana system but the alleged unconstitutional application of the system to his case. In essence he contends that the state court merely paid "lip service" to the doctrine of manifest error which is alleged to save the constitutionality of the Louisiana system.[9] To reach this issue it is necessary to re-examine the validity of the state court judgment. The state appellate decision is incorrect only if it was not manifestly erroneous for the trial court to find the Department of Highways negligent in the maintenance of traffic control signals. This issue has already been litigated to a judicial conclusion and the doctrine of collateral estoppel, therefore, comes into view.

This court recently quoted with approval the following principle:

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issues may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. *In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief.* * * *"[10] (Emphasis in original)

The appellant has had a full and fair opportunity to litigate the issue of the Highway Department's negligence. For this court to grant the appellant his requested relief it would be necessary to reexamine the negligence issue. This we decline to do. It does not appear to be appropriate under any theory advanced by the appellant for this court to review the decision of the appellate courts of Louisiana in a negligence case.

The judgment of the district court is, therefore, affirmed.

Affirmed.

8. *See* text accompanying notes 2 and 3 *supra.*

9. *See* note 1 *supra.*

10. Parker v. McKeithen, 488 F.2d 553, 557–558 (5th Cir. 1974).

Assuming that the parties to this federal action are not the same as those in the earlier state litigation or their privies, we note that this court has embraced the modern trend and has moved toward repudiation of the mutuality of estoppel rule. Rachal v. Hill, 435 F.2d 59, 61–62 (5th Cir. 1970). *See also* Blonder-Tongue Labs v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); James Talcott, Inc. v. Allahabad Bank, Ltd., 444 F.2d 451, 461 (5th Cir. 1971); Seguros Tepeyac, S. A., Compania Mexicana v. Jernigan, 410 F.2d 718 (5th Cir.), cert. denied, 396 U.S. 905, 90 S.Ct. 219, 24 L.Ed.2d 181 (1969).