**Warren James MOITY, Sr.**

v.

**LOUISIANA STATE BAR ASSOCIATION et al.**

Civ. A. No. 75–2193.

United States District Court, E. D. Louisiana.

March 3, 1976.

**17.** *Goosby v. Osser*, supra, 409 U.S. at 518, 93 S.Ct. at 859, 35 L.Ed.2d at 42 [citing *Ex parte* *Poresky*, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933)].

Warren James Moity, Sr., pro se.

Carl J. Barbier, William P. Curry, Jr., Asst. Atty. Gen., New Orleans, La., for defendants.

## MEMORANDUM OPINION AND ORDER

BOYLE, District Judge:

This § 1983 action originated with me and has been returned by the statutory court for disposition. The latter has decided that it lacks jurisdiction under 28 U.S.C. § 2281 due to the insubstantiality of plaintiff's constitutional challenge to the enforcement of the state statute embodying the defendant Bar Association's Articles of Incorporation.[1] We incorporate, by reference, into this opinion the statutory court's summary of the litigation's factual background and of the allegations contained in the plaintiff Moity's complaint.[2]

The defendants Louisiana Supreme Court and its Justices and the defendant Association move to dismiss the action for lack of jurisdiction and/or the failure to state a claim. The former argue that their actions challenged herein as unconstitutional are shielded by the doctrine of judicial immunity as well as by the Eleventh Amendment, and that the Court, as an agency of the state, is not a "person" suable under 42 U.S.C. § 1983. The Bar Association likewise contends that it is not a "person" within the contemplation of the Civil Rights Act, and, further, that it enjoys "quasi-judicial immunity" from liability. Additionally, it avers that it is not a proper party to this lawsuit and that the constitutional issues raised by plaintiff are too insubstantial to vest this court with subject matter jurisdiction.

In an opposition addressing the merits of these arguments,[3] plaintiff answers

1. See LSA–R.S. 37, ch. 4 App.

2. See Memorandum Opinion and Order of Three-Judge Court, D.C., 414 F.Supp. 176.

3. Moity initially opposed the motion of the Court and Justices on the grounds that it was urged on their behalf by the office of the State Attorney General. Characterizing his suit against these defendants as "personal" in nature, he argued that the Attorney General's representation of them was violative of the statute which prohibits him from engaging in the "private practice of law" during his term of office. See LSA–R.S. 49:256.

It is clear, however, that the defendant Court is an arm of state government, and that its Justices are here being sued in their capacity as

that the Court and Justices are sued for their performance of an executive—as opposed to judicial—function, making the doctrine of judicial immunity inapposite. He also argues that the Bar Association is sued as an agent of the Court in its performance of an executive function, i. e., the control of Bar admissions. It is, he contends, a proper party to the litigation. As to the Eleventh Amendment, plaintiff urges that it is "superceded" in this case by the dictates of the Fourteenth.

▮▮▮ Although, absent waiver, states are immune under the Eleventh Amendment from civil claims brought by their own citizens,[4] civil liability does attach under the terms of 42 U.S.C. § 1983 to "[e]very person" who acts under color of state law to deprive another of his constitutional or civil rights. This is not to say, however, that the Civil Rights Act confers a private right of action against all agents or agencies of the state, and, in fact, the jurisprudence seems clear that state courts are not considered "persons" within the meaning of § 1983.[5] Indeed, this court previously has held that a claim under § 1983 does not lie against the Louisiana Supreme Court, inasmuch as "the highest judicial member in the body politic of the State . . . is beyond the cognizance of the Civil Rights Act." [6] We now reiterate that the defendant Court is not a "person" amenable to suit under § 1983. The action against it, in terms of injunctive and declaratory as well as monetary relief, must therefore be dismissed for lack of jurisdiction.[7]

As to the remaining defendants, however, different jurisdictional considerations apply. It cannot seriously be disputed that each individual Justice may be regarded as a "person" for purposes of § 1983,[8] but whether the State Bar Association is such remains an unsettled issue in this Circuit.[9] On the other hand, there is authority in other circuits for the proposition that a State Bar Association, viewed as an agency of state government, is not a "person" suable via § 1983.[10] Nevertheless, we preter-

judicial officers. See n. 17 infra. As the state's chief legal officer, therefore, the Attorney General must exercise his broad authority to assert the state's rights and protect its interests by participating as defense counsel in this civil litigation. See Louisiana Constitution (of 1974), Art. 4, § 8. Indeed, we note that he has represented the state's judicial authority in actions not unlike this one. See e. g., Cheramie v. Tucker, 493 F.2d 586 (5 Cir.), cert. denied, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974); Harris v. Louisiana Supreme Court, 334 F.Supp. 1289 (E.D.La.1971).

Plaintiff's attempt to define the Attorney General's involvement in this proceeding as "private practice" is therefore patently without merit, and warrants no further discussion.

4. See Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

5. See e. g., County of Lancaster v. Philadelphia Electrical Co., 386 F.Supp. 934, 940 (E.D.Pa. 1975) and cases cited therein; Quadra v. Superior Court of City & County of San Francisco, 378 F.Supp. 605, 609 (N.D.Cal.1974) and cases cited therein.

6. Harris v. Louisiana Supreme Court, supra, at 1300.

7. The question of suability as a § 1983 "person" is recognized as one touching the court's jurisdiction. See City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); Muzquiz v. City of San Antonio, 520 F.2d 993, 996 (5 Cir. 1975).

8. As the Fifth Circuit recently noted, this term in the Act does not possess "some arcane meaning whereby some human beings would be 'persons' but others would not." Muzquiz v. City of San Antonio, supra, at 998.

9. The issue is presented in Singleton v. La. State Bar Ass'n, C.A. # 74–3242 consol'd with C.A. # 74–3395 (E.D.La.), under submission to a three-judge district court. Sued under § 1983, the defendant Association there has filed a motion to dismiss and/or for summary judgment, arguing, inter alia, that it is not a "person" within the scope of the Civil Rights Act.

Were we to decide the question on the basis of existing Fifth Circuit jurisprudence, perhaps the most appropriate reference would be Muzquiz v. City of San Antonio, supra. In that case, the test of an agency's status as "person" under § 1983 was stated as whether it possessed "the nature of a municipality." See 520 F.2d at 997.

10. See Coopersmith v. Supreme Court, State of Colorado, 465 F.2d 993, 994 (10 Cir. 1972); Clark v. State of Washington, 366 F.2d 678, 681 (9 Cir. 1966).

mit further discussion along these lines, since it is obviated by the absence of sufficient grounds for our jurisdiction over the subject matter of plaintiff's overall complaint. Even assuming that the Bar Association may be a "person" for § 1983 purposes and is as amenable to suit thereunder as are the individual Justices, the constitutional claims urged against these defendants to not pass muster under the jurisdictional principle of substantiality.

■ As we have noted at the outset, the three-judge court remanding this matter similarly concluded that plaintiff's attempt to enjoin as unconstitutional the enforcement of the Bar Association's Articles of Incorporation (LSA–R.S. 37, ch. 4 App.) was without sufficient substance to invoke the provisions of 28 U.S.C. § 2281. Legally distinguishable as that determination is from the one we now make,[11] Moity's constitutional argument essentially is the same as his argument that enforcement of the state statute be enjoined. Accordingly, we track the analysis of the panel's opinion and rely on the jurisprudence cited therein to conclude: 1) that plaintiff's Fourteenth Amendment claim is vitiated in view of the traditional deference to the state's authority to enact reasonable standards for Bar admission and to make reasonable changes in those standards from time to time;[12] 2) that the rejection of plaintiff's application for admission quite obviously was not tantamount to the passage of an *ex post facto* law,[13] and—if viewed as an encroachment upon certain contractual rights of plaintiff—was not an unconstitutional "impairment" thereof, considering the overriding interests of the state in exercising its legitimate regulatory authority;[14] and 3) that plaintiff's right of privacy clearly was not violated by the state's necessary investigatory gathering of certain information regarding a Bar applicant's background.[15]

■ In a supplemental complaint, plaintiff adds certain allegations of unethical conduct on the part of the individual Justices in their disposition of his petition for a writ allowing him to take the Bar exam, and suggests that such conduct went so far as to deny him a fair hearing in violation of the Fourteenth Amendment guarantee of due process.[16] This constitutional theory, which in effect is a theory of legal ethics, hardly suffices to render plaintiff's otherwise unsubstantial claims supportive of federal jurisdiction.[17]

**11.** It would have been entirely possible, for example, for the panel to have found a basis for its jurisdiction under § 2281, even as it decided on the merits that subject matter jurisdiction must fail for the lack of a substantial federal question. *See Wernick v. Mathews,* 524 F.2d 543 (5 Cir. 1975).

**12.** See *Schware v. Board of Bar Exam. of State of N. M.,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); *Dent v. State of West Virginia,* 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623 (1889); *Butcher v. Maybury,* 8 F.2d 155 (W.D.Wash. 1925).

**13.** See *Reetz v. Michigan,* 188 U.S. 505, 23 S.Ct. 390, 47 L.Ed. 563 (1903).

**14.** *See Semler v. Oregon State Bd. of Dental Ex'ers,* 294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086 (1935).

**15.** That the individual right of privacy is subject to important state interests in regulation is now established. *See Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Similarly settled is the state's prerogative to determine the qualities of character and the fitness of individuals seeking to practice law before its Bar. *See Baird v. State Bar of Arizona,* 401 U.S. 1, 91 S.Ct. 702, 27 L.Ed.2d 639 (1971).

**16.** More particularly, Moity complains that the Justices had a conflict of interest as members of the Association before them as an adversary party, had private conversations with members of the Association regarding the petition, allowed the Association to file pleadings without serving copies thereof on plaintiff, and, in general, denied plaintiff a full and impartial hearing. *See* Plaintiff's Amended & Supp. Compl., ¶s 11C–11H [Record Doc. # 6].

**17.** The insubstantiality of plaintiff's action becomes even more clear when one considers the immunity defenses raised by defendants in their motions. The complaint as to the individ-

Accordingly, we conclude that we are without power to hear plaintiff's action, even to the extent it proceeds against "persons" under § 1983 and otherwise would be within our Section 1343(3) jurisdiction. In our view, plaintiff's claims that his constitutional and/or civil rights have been violated are "so attenuated . . . as to be absolutely devoid of merit," are "wholly insubstantial" and are "obviously frivolous" and "no longer open to discussion." [18] The motion of the defendant Court should be, and it is hereby, GRANTED to the extent it seeks dismissal of the action against the Court for lack of subject matter jurisdiction. In all other respects the motion is DENIED as moot. The motion of the defendant Bar Association should be, and it is hereby, GRANTED to the extent it seeks dismissal of plaintiff's entire action for lack of subject matter jurisdiction, and in all other respects, the motion is DENIED as moot. Of course, our conclusion that plaintiff's action is constitutionally insubstantial so as to warrant the partial granting of the defendant Association's motion, compels our dismissal of the claims against the individual Justices on the same grounds.[19] This dismissal stems from our independent responsibility to determine jurisdiction even in instances where the parties (here the Justices) fail to argue the lack thereof as to claims brought against them.[20]

Judgment shall be entered herein dismissing the complaint as to all defendants and for costs.

ual Justices pertains not to their exercise of a supervisory or executive function, but rather to their judicial denial of Moity's petition for a writ of mandamus. The proper remedy to avoid the effects of that decision is appellate, a remedy which Moity in fact pursued without success. *See Moity v. La. State Bar Ass'n*, La., 313 So.2d 824 (1975), review den'd, 423 U.S. 895, 96 S.Ct. 194, 46 L.Ed.2d 127 (1975). Section 1983 is not designed as an alternative vehicle to attack judicial rulings, and the traditional immunity of judges from civil liability arising out of the exercise of their judicial function survives in actions such as this. *See Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967); *Cheramie v. Tucker*, 493 F.2d 586 (5 Cir.), cert. denied, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974). This, in fact, was our holding in a similar case where these defendant Justices were shielded from § 1983 liability absent evidence they were being sued in other than their judicial capacity. *See Harris v. La. Supreme Court*, supra, at 1300–01.

As to the Bar Association, the defense of quasi-judicial immunity would appear equally viable. Moity does not challenge the Association's executive promulgation of admissions standards, but its application of these standards to deny his individual petition for admission. The admission of an individual to the practice of law is regarded as a judicial function. *See Moity v. La. State Bar Ass'n*, 239 La. 1081, 121 So.2d 87, 90 (1960). To this extent, the situation of the Association may be analogized to the defense of a role played by bar associations and committees in disbarment or disciplinary proceedings. In such cases, the doctrine of quasi-judicial immunity has barred claims under § 1983. *See Ginger v. Circuit Court for County of Wayne*, 372 F.2d 621 (6 Cir. 1967); *Clark v. State of Washington*, supra; *Rhodes v. Meyer*, 334 F.2d 709 (8 Cir. 1964); *Saier v. State Bar of Michigan*, 293 F.2d 756 (6 Cir. 1961).

18. *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577, 587 (1974) and cases cited therein.

19. As we have noted, the allegations against the Justices are identical to those against the Association with the exception of the claimed unethical behavior by the Judges, which claim we find totally without merit as a basis of federal jurisdiction.

20. Rule 12(h)(3), Fed.R.Civ.Pro.; *See Burks v. Texas Co.*, 211 F.2d 443, 445 (5 Cir. 1954); *Maryland Cas. Co. v. Glassell-Taylor & Robinson*, 156 F.2d 519, 522 n. 2 (5 Cir. 1946); *Page v. Jackson*, 398 F.Supp. 263, 265 (N.D.Ga. 1975).