Jay Alan ROTHSTEIN, Plaintiff,

v.

MONTANA STATE SUPREME COURT, its members, Justice Turnage, Justice Gulbrandson, Justice Hunt, Justice Sheehy, Justice Harrison, Justice Morrison, Justice Weber, Supreme Court Clerk Ethel Harrison, the Montana State Board of Bar Examiners and its members, Attorney Robert Poore, Attorney J.C. Garlington, Attorney Gregory Murphy, Attorney Daniel Sullivan, Attorney Leo Graybill, Attorney James Cumming, Attorney Tomas Monaghan and its Administrator Mariella Horgan, the Montana State Commission on Practice and its members, Attorney Arnold Huppert, Attorney Bruce Brown, Attorney Rockwood Brown, Attorney Francis Gallagher, Attorney W.A. Groff, Attorney Gordon Hickman, Attorney Barney Johnson, Attorney Jane Purcell, Attorney Sam Haddon, Attorney M. Wessel, Attorney John West, Defendants.

No. CV-86-35-H-CCL.

United States District Court,
D. Montana,
Helena Division.

July 22, 1986.

Jay Alan Rothstein, pro se.

Kimberly A. Kradolfer, Asst. Atty. Gen., Helena, Mont., for the State of Mont.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Jay Alan Rothstein, representing himself, challenges as unconstitutional a rule adopted by the Supreme Court of Montana limiting the number of times a qualified applicant may sit for the Montana state bar examination to three within a five-year period, unless exempted by that court.[1]

Successful completion of the Montana bar examination is a prerequisite to admission to the practice of law within the state.[2] The examination is divided into three sections: a national multi-state section, an essay section covering Montana law, and an ethics section. Plaintiff has unsuccessfully attempted to pass the Montana bar examination on three occasions since February 1985. Because of the above-described three-attempt rule, he is precluded from sitting for the July 1986 examination.

Following notification that he had failed the February 1986 bar examination, his third attempt, Rothstein applied to the Supreme Court of Montana for leave to take the essay section for a fourth time (he has passed the other sections). By order dated May 29, 1986, the Montana Court denied Rothstein's petition for exemption.

Rothstein then filed a petition in this court for a writ of mandamus. He sought an order directing the Supreme Court of Montana and the Montana State Board of Bar Examiners to allow him to sit for the bar examination scheduled for July 30–31 and August 1, 1986. By order dated June 26, 1986, I dismissed Rothstein's petition, holding that this court does not have jurisdiction to issue a writ of mandamus compelling state officials to engage in discretionary functions. On July 1, 1986, Rothstein filed a § 1983 complaint with this court containing the same substantive allegations as those made in his petition for mandamus.[3]

The present complaint names as defendants the Montana Supreme Court, its individual members, the state Board of Bar Examiners, its individual members, the administrator of the Board of Bar Examiners, the state supreme court's Commission on Practice and its individual members.

Plaintiff now moves for a temporary restraining order preventing the defendants from applying the Montana three-attempt rule to him. I heard oral argument on that motion on July 8, 1986. Counsel for the defendants also participated in the hearing.

■ At the outset, I note that several of the defendants are not proper parties to this action. The case law seems clear that state courts and the boards and commissions established by such courts are not considered "persons" within the meaning of 42 U.S.C. § 1983.[4] The Montana Supreme Court, the Board of Bar Examiners and the Commission on Practice, as agencies of the state of Montana, are not "persons" amenable to suit under § 1983 and must be dismissed.

1. See *In Re Proposed Amendments Concerning the Bar Examination and Admission to the Practice of Law in the State of Montana,* 187 Mont. 159, 609 P.2d 263, 267 (1980).

2. Id.

3. During the pendency of the state proceedings, plaintiff also contacted and complained to members of the Board of Bar Examiners. When he got no relief by way of his informal demands, he filed a claim of unethical conduct against the board with the Commission on Practice. When that body determined it had no jurisdiction to entertain his claim and denied relief, Rothstein sued the commission and its members in this action.

4. See, e.g., *Louis v. Supreme Court of Nevada,* 490 F.Supp. 1174, 1180 (D.Nev.1980); *Pettit v. Gingerich,* 427 F.Supp. 282, 286 (D.Md.1977); *Moity v. Louisiana State Bar Ass'n,* 414 F.Supp. 180, 182 (E.D.La.1976); *County of Lancaster v. Philadelphia Electrical Co.,* 386 F.Supp. 934, 940 (E.D.Pa.1975); and *Quadra v. Superior Court of City and County of San Francisco,* 378 F.Supp. 605, 609 (N.D.Cal.1974).

As to the remaining defendants, different jurisdictional considerations apply. There can be no doubt that these individual defendants are "persons" for purposes of § 1983. Plaintiff may bring an action for prospective injunctive relief against officials of the state. *See Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). With respect to the individual members of the Commission on Practice, however, the court determines that the complaint should be, and hereby is, dismissed as to these defendants. The complaint does not allege that the commissioners have, and the court takes judicial notice that the commission members do not have, any authority to administer, change or enforce the rules governing the state bar examination. Joinder of the commission members is abusive. They apparently are joined as parties by way of retaliation for their failure or refusal to discipline the members of the Board of Bar Examiners.

I now turn to plaintiff's motion for temporary restraining order. The decision to grant or deny such relief is committed to the discretion of the Court. *See Oakland Tribune, Inc. v. Chronicle Publishing Co., Inc.,* 762 F.2d 1374, 1376 (9th Cir.1985).

The standard for issuance of preliminary injunctive relief is well settled within the Ninth Circuit. To obtain such relief, "a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor." *Apple Computer, Inc. v. Formula International, Inc.,* 725 F.2d 521, 523 (9th Cir.1984). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success on the merits decreases. *Los Angeles Memorial Coliseum Commission v. National Football League,* 634 F.2d 1197, 1201 (9th Cir.1980). Under any formulation of the test, however, the plaintiff must demonstrate that he has a substantial chance of prevailing on the merits.

Since the relief sought by plaintiff would have the effect of temporarily treating this suit as settled in his favor, a sufficient showing for issuance of a temporary restraining order involves more than a mere possibility of success. Because plaintiff has failed to make the requisite showing of likelihood of success on the merits, I need not address the degree of harm present.

Read liberally, Rothstein's complaint appears to challenge the constitutionality of both Montana's three-attempt rule itself and the state supreme court's denial of his petition for leave to take a fourth bar examination. The distinction between these two claims is significant.

While lower federal courts do have jurisdiction over many constitutional claims concerning licensing of attorneys and involving challenges to either the rule-making authority or the administration of the rules, this is not true where review of a state court's adjudication of a particular application is sought. *See, e.g., MacKay v. Nesbett,* 412 F.2d 846 (9th Cir.1969), *cert. denied,* 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (holding a lower federal court has no jurisdiction to review state proceedings relating to the admission and discipline of members of its bar).

In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court held that a federal district court lacks subject matter jurisdiction to review a state court's allegedly unconstitutional denial of admission to the bar. The basic reason was that the state court action was seen as judicial in nature, and final state court judgments may be reviewed only by the Supreme Court itself. 28 U.S.C. § 1257. *Feldman,* 460 U.S. at 483, 103 S.Ct. at 1316. In *Feldman,* however, the Supreme Court also held that a federal district court does have jurisdiction to entertain a general attack on the constitutionality of a bar admissions rule itself. Since "state supreme courts may act in a non-judicial capacity in promulgating rules regulating the bar," 460 U.S. at 485, 103 S.Ct.

**1314**

at 1316, a federal district court is "not reviewing a state court judicial decision," 460 U.S. at 486, 103 S.Ct. at 1317, when it entertains a general challenge to the constitutionality of a bar admissions rule.

 In assessing the likelihood of plaintiff's success on the merits in this case, the threshhold issue is whether Rothstein seeks to invoke this court's jurisdiction to review the administration of the rules regulating the Montana bar examination or to review the state supreme court's adjudication of his particular application for an exemption from the three-attempt rule.

The complaint overwhelmingly involves Rothstein's challenge to the Montana Court's denial of his request to sit for the state bar examination for a fourth time. Under *Feldman,* I have no subject matter jurisdiction to entertain this claim.

 The complaint does contain an underdeveloped attack on the constitutionality of the three-attempt rule itself. Plaintiff contends the rule is violative of due process because of the lack of relevance between professional competence and the number of times a bar examination is taken before a passing score is achieved. I do have jurisdiction over this claim. I am not convinced, however, that plaintiff has a substantial chance of prevailing on the merits of this claim. *See Younger v. Colorado State Board of Law Examiners,* 625 F.2d 372, 376–78 (10th Cir.1980) and cases cited therein.

In summary, plaintiff has not met his burden of establishing the propriety of temporary injunctive relief in the instant case.[5] For this reason,

IT IS ORDERED that plaintiff's motion for temporary restraining order is DENIED.

IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED as to the Montana Supreme Court, the Montana

State Board of Bar Examiners, the Montana Supreme Court Commission on Practice, as entities, and the individual members of the Commission on Practice.

---

5. Indeed, if plaintiff's pleadings, brief and argument herein constituted an examination to be graded by the undersigned, he would fail. One need look no further than the caption of plaintiff's complaint to observe the lack of diligence with which this case was presented to the court. Lay defendants are identified as attorneys, and the names of three defendants are incorrectly spelled.