Dear Ms. Marcotte:
This office is in receipt of your request for an attorney general opinion and the request has been assigned to me for research and reply. Your request raises two issues with respect to the issuance of tickets to faculty and staff at Nicholls, principally, (1) can the new procedure adopted by the university for the collection of fines be applied retroactively to parking tickets received before the procedure was adopted, and (2) can the university withhold payment from the faculty or staff member's paycheck for nonpayment of parking fines without first obtaining a judicial recognition of the debt.
The university written policy concerning traffic tickets provides for a fine to be paid within 15 days of receipt of the ticket or for the recipient to file an appeal within 15 days. After 15 days, the amount of the unpaid fine doubles to $40.00. Additional language pertaining to faculty and staff members approved by the university council on December 10, 1991 provides:
 (1) After the doubling of the fine, the Controller's office will send a letter reminding of the fine to be paid.
 (2) If the fine is not paid within 15 working days of the date of the Controller's letter, then the appropriate Vice President will issue a second warning letter.
 (3) If the fine remains unpaid 15 working days after the date of the Vice President's letter, then the University will proceed to withhold the amount of the fine from the faculty/staff member's subsequent paycheck.
 (4) Only those fines which have been assessed against faculty and staff since the beginning of the 1991 Fall semester will be collected under this procedure. (Emphasis added).
In essence, the new language imposes a garnishment for collection of fines incurred prior to the enactment of the university regulation. The application of a new penalty for previous conduct raises constitutional concerns. LSA Const. art. 1, § 23 (1974) provides:
 No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted.
The constitutional prohibition against ex post facto laws relates only to penal or criminal, rather than civil matters. Moity v. Louisiana State Bar Association, 414 F. Supp. 176 (E.D. La. 1976), on remand, 414 F. Supp. 180. The retrospective application of an enhanced sentence is prohibited by both state and federal constitutional provisions prohibiting ex post facto laws. The prohibition extends to enforcement of any enactment which changes punishment to inflict greater penalty than that authorized for the crime at the time of its commission. U.S. Const. art. I, § 9, cl. 3; LSA-Const. art. 1, § 23 (1974); State v. Ellison, 572 So.2d 262 (La.App. 1st Cir. 1991); writ den., 575 So.2d 388 (La. 1991). We also note the corollary that only procedural laws may be applied retroactively; a substantive change in the law will not be applied retroactively if it would operate to disturb vested rights. Graham v. Sequoya Corporation, 478 So.2d 1223 (La. 1985).
Garnishment as a method of collection of the fine imposed for offenses committed prior to the new regulation is penal in nature and operates to divest the individual of a property right. For this reason, it is this office's opinion that the regulation should not be applied to collect those fines assessed against faculty prior to December 10, 1991, the enactment date of the new policy. In response to your first question, this enactment should be applied prospectively only.
Second, we address the validity of withholding wages from a faculty member's paycheck for nonpayment of the fine. Of course, the university could withhold payment for the fine from the paycheck with the consent of the faculty or staff member. We suggest that this consent be reduced to writing. The real issue posed in your second question is the validity of withholding of payment on an involuntary basis.
A prejudgment garnishment issued ex parte without opportunity for notice or hearing constitutes a deprivation of property without due process of law, contravening provisions of both federal and state constitutions. U.S. Const. art. XIV; LSA Const. art. 1, § 2 (1974); see also Attorney General Opinion Number 77-358, attached. A review of your traffic appeals procedure indicates that each violator does have an opportunity to be heard prior to the enforcement of any collection procedure. Further, the faculty or staff member is afforded two warning letters from the Controller regarding the imminent withholding. We suggest that the university ensure the violator's receipt of these letters by sending the letters via certified mail, return receipt requested. Because the university procedure affords the faculty or staff member adequate notice and the opportunity to be heard prior to the withholding, it is our opinion that this procedure could be utilized to enforce collection of the fine. Your second question is answered in the affirmative.
If this method is utilized, please be aware of those statutory provisions governing garnishment where there are third parties involved. We specifically refer you to LSA R.S. 13:3925 which provides, in part:
 (B) It is the stated intention of this Section that the employer shall be presumed to be one holding a prior garnishment. . . .
 (C) The provisions of this Section shall not grant a preference over the enforcement of child support. (Emphasis added).
Finally, in the case of Grace v. Board of Trustees for State Colleges and Universities, 442 So.2d 598 (La.App. 1st Cir. 1984), writ den., 444 So.2d 1223 (La. 1984), there is stated the following pertinent language, with reference to a faculty appeals hearing:
 The judicial model of an evidentiary hearing is neither a required, nor even the most effective method of decision making in all circumstances . . . All that is necessary is that the procedures be tailored, in light of the decision to be made, to the capacities and circumstances of those who are to be heard to insure that they are given a meaningful opportunity to present their case. Frumkin v. Board of Trustees, Kent State University, 626 F.2d 19 (6th Cir. 1980).
In summary, the university may withhold payment from the faculty or staff member's paycheck, after proper notice and hearing. This method of enforcement should be applied to faculty and staff members prospectively, after the date of the enactment.
We hope this interpretation is helpful. If you should need any further assistance, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams-0058E