34 So.3d 355 (2010)
Sylvia W. TANKERSON
v.
Paul VALLAS, et al.
No. 2010-C-0102.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 2010.
*356 James D. "Buddy" Caldwell, Attorney General, Michael C. Keller, Phyllis E. Glazer, Tanya L. Irvin, Assistant Attorneys General, Louisiana Department of Justice, Litigation Division, New Orleans, LA, for Relator, Louisiana Recovery School District.
Willie M. Zanders, Sr., New Orleans, LA, for Respondent, Sylvia W. Tankerson.
Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge MAX N. TOBIAS, JR.
TOBIAS, Judge.
The sole issue presented for our review is the res nova issue of whether the respondent, Recovery School District ("the RSD"),[1] is a juridical person[2] capable of suing or being sued directly or whether it is an agency within the Louisiana Department of Education ("the DOE") and the Louisiana Board of Elementary and Secondary Education ("BESE"), juridical entities that by law are capable of suing and being sued. For the reasons that follow, we find that the RSD is not a juridical person and that the proper party to be sued in a claim for or against the RSD is the DOE. Accordingly, we grant the application for supervisory writs of the relator, the RSD acting through the DOE, reverse the judgment of the trial court overruling the relator's exception of lack of procedural capacity, and render judgment sustaining the exception of lack of procedural capacity, thereby dismissing the RSD as a party from this suit.
The respondent, Sylvia W. Tankerson, filed suit against the RSD, the DOE, and three individuals seeking damages for alleged wrongful discharge from employment, breach of contract, and negligent infliction of emotional distress. The relator filed the dilatory exception of lack of procedural capacity asserting that its was not a juridical person capable of filing suit or being sued; the RSD sought a judgment dismissing them from this suit with prejudice. The RSD asserts that it does not function independently of the DOE in matters relating to funding, personnel, and property matters.
Contrariwise, the respondent asserts that the RSD is a juridical person, separate and distinct from the DOE and BESE. In support of her position, she proffers:
(1) a photocopy of a written "Delegation of Authority" dated 21 February 2008 from Paul G. Pastorek, the State Superintendent of Education and the executive officer of the DOE delegating authority to co-defendant, Paul Vallas, the superintendent of the RSD, purportedly approved by Linda M. Johnson, President of BESE dated 6 December 2007;[3]
(2) a photocopy of an announcement by the FEMA, the Federal Emergency Management Agency, stating that it is providing the RSD with $147.8 million *357 for public assistance grants for four RSD schools;
(3) a photocopy of a judgment rendered on 28 August 2008 in the Civil District Court for the Parish of Orleans ("CDC") in the matter of "Arlene M. Kennedy v. Paul Vallas, et al" relating to preliminary injunctive relief and directing that "the Louisiana Department of Education's Recovery School District" from terminating Ms. Kennedy from employment;
(4) a photocopy of a judgment rendered on 31 July 2009 in the CDC denying "the Recovery School District's exception of prescription filed in the matter of "Ronald Heumann d/b/a Ronald Heumann and Associates v. Recovery School District and Orleans Parish School Board;"[4]
(5) a photocopy of a plaintiff's ex parte order of dismissal with prejudice based upon a settlement signed on 21 April 2009 in the CDC suit entitled "Avery A. Johnson v. Recovery School District";[5] and
(6) her affidavit wherein she states among other things that she was a recruiting specialist for the RSD.
We find that none of the foregoing items supports the proposition that the RSD is a juridical person capable of suing or being sued directly.
In Roberts v. Sewerage and Water Bd of New Orleans, 92-2048, p. 10 (La.3/21/94), 634 So.2d 341, 347, the Court held that
In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20.
Reviewing the quoted language, the trial court reasoned that because La. R.S. 17:1990 D(1) gave the RSD the authority to employ such staff as it deemed necessary and the delegation of authority (item (1) proffered by the respondent) from the DOE to RSD made the RSD an "independent school district," the RSD was a juridical person capable of suing and being sued.
We disagree with our colleague on the trial court. La. R.S. 17:1990 A(2) specifically mandates that the RSD be administered by the DOE and is subject to the approval of BESE. Further the "Delegation of Authority" by the State Superintendent of Education to the RSD grants only limited authority over personnel matters; the RSD cannot, among other things, dismiss or institute discipline against some employees, reduce workforce under La. R.S. 17:81.4; institute extended sick, maternity, or military leave; or grant sabbaticals.
La. R.S. 36:642 A states that
The Department of Education is created and shall be a body corporate with the power to sue and be sued. The domicile of the department shall be in Baton Rouge.
La. R.S. 17:1 A states "The Louisiana State Board of Elementary and Secondary Education, sometimes referred to hereinafter in this Part as the board, is created as a body corporate." Likewise La. R.S. 17:51 makes a parish school board a "body *358 corporate with power to sue." The statute authorizing the RSD (La. R.S. 17:1990) contains no equivalent language; to the contrary, the RSD is an "intermediate educational unit" which "shall be administered by the state" DOE with the approval of BESE.
We conclude that the RSD does not function independently of the DOE and BESE as it is not a body corporate capable of being sued or suing directly. The proper party in any claim by or against the RSD is the DOE.
For these reasons, we grant the relator's application for supervisory writs. We reverse the judgment of the trial court overruling the dilatory exception of lack of procedural capacity and render judgment sustaining that dilatory exception.
WRIT GRANTED: JUDGMENT REVERSED; RENDERED.
MURRAY, J., concurs with reasons.
McKAY, J., concurs in the result.
MURRAY, J., concurring with reasons.
I agree that the Recovery School District is not a juridical person capable of suing or being sued. I, therefore, concur in the granting of the supervisory writ.
NOTES
[1] The RSD is sometimes referred to as the Louisiana Recovery School District.
[2] See La. C.C. art. 24.
[3] We note the discrepancy in dates in this document; that is, we are left with the unexplained reason that the BESE President is approving on 6 December 2007 a delegation of authority taking place more than 75 days later on 21 February 2008.
[4] We lack evidence of the pleadings that were filed in the suit; one does not know whether the RSD was appearing therein as agent for the DOE.
[5] Again, we lack evidence regarding in what capacity the RSD appeared in the case; only the caption names the RSD as a party and one does not know whether the RSD appeared in the suit as the DOE's RSD.