# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2012

No. 11-30751
Summary Calendar

Lyle W. Cayce
Clerk

ELISE ADAMS,

Plaintiff - Appellant

v.

RECOVERY SCHOOL DISTRICT, through the State of Louisiana, Department
of Education,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:10-cv-01080-JCZ-SS

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Elise Adams challenges the district court's grant of
summary judgment to defendant-appellee. Finding no error, we affirm.

Adams was employed by the Orleans Parish Recovery School District
("RSD"), and served as the principal of the Booker T. Washington school during
the 2009-2010 school year. She did not have a contract with RSD, and on
January 25, 2010 was terminated from her position. Claiming this was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-30751

wrongful, Adams filed suit under 42 U.S.C. §§ 1981, 1983 and 1985, and under Louisiana state law. Specifically, she claimed that RSD violated her equal protection rights by failing to give her a contract, even though all other RSD principals were employed under contract, and violated her due process rights by failing to observe remedial steps required under state law. The lawsuit was removed to federal court pursuant to 28 U.S.C. § 1367.

Although Adams originally sued RSD, she amended her complaint to name the Louisiana Department of Education as the defendant. The State of Louisiana, through the Department of Education, then moved for summary judgment. The district court granted that motion in part on the grounds that the Department of Education is an arm of the state of Louisiana and therefore not a "person" who can be sued under § 1983. It dismissed Adams's § 1981 claims because they were properly construed as § 1983 claims, and also dismissed her § 1985 claims because Adams failed to make any allegations in support of those claims. Because the only remaining claims were state law allegations, the district court remanded the lawsuit to state court under 28 U.S.C. § 1367(c)(3).

On appeal, Adams challenges the district court's grant of summary judgment dismissing her § 1983 claims with prejudice.[1] "We review a district court's order granting summary judgment *de novo*."[2] Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law."[3]

Section 1983 provides a cause of action against any "person" who deprives another person of "any rights, privileges, or immunities secured by the

---

[1] Adams does not present any argument challenging the district court's dismissal of her 42 U.S.C. §§ 1981 and 1985 claims, or its decision to remand her state law claims pursuant to 28 U.S.C. § 1367(c)(3). She therefore has waived any objection to those portions of the judgment. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

[2] *LeMaire v. Louisiana Dept. of Transp. and Development*, 480 F.3d 383, 386 (5th Cir. 2007).

[3] FED. R. CIV. P. 56(a).

Constitution and laws" of the United while acting "under color" of state law.[4]
For purposes of § 1983, states and arms of a state are not "persons," and a § 1983
claim may therefore not be brought against those entities or their officials acting
in an official capacity.[5]

Adams originally filed suit against RSD. However, because RSD is not an
entity that can sue or be sued,[6] she requested leave to file an amended complaint
"in order to name the proper party as a defendant in this matter" "in place of the
[RSD]." The court granted leave, and Adams's amended complaint named the
Louisiana Department of Education as the defendant, stating that "[t]he DOE
[Department of Education] is a juridicial [sic] entity capable of suing and being
sued and is the proper defendant in cases against the Orleans Parish Recovery
School District." At the time of summary judgment, the defendant was therefore
the Department of Education. That Department is an arm of the state of
Louisiana, and does not qualify as a "person" who may be sued under § 1983.[7]
Recognizing this, the district court properly dismissed Adams's §1983 claims,
and remanded her state law claims to the state court.[8]

---

[4] 42 U.S.C. § 1983.

[5] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 71 (1989) (holding that the plaintiff could not sue the state of Michigan through its Department of State Police or the Director of State Police in his official capacity because "neither a State nor its officials acting in their official capacities are "persons" under § 1983.").

[6] *See* LSA-R.S. § 17: 1990; *Tankerson v. Vallas*, 34 So. 3d 355, 358 (La. App. 4 Cir. 2010) ("We conclude that the RSD...is not a body corporate capable of being sued or suing directly. The proper party in any claim by or against the RSD is the [Department of Education].")

[7] *See Will*, 491 U.S. at 64; *see also Cheramie v. Tucker*, 493 F.2d 586, 587–88 (5th Cir. 1974) ("It is well established that states and their political subdivisions are not 'persons' within the meaning of 42 U.S.C. § 1983. The same can be said of the various arms of state government such as the Department of Highways."); *Irwin v. Miami-Dade Cnty. Public Schools*, 398 Fed.Appx. 503, at \*3 (11th Cir. 2010) (holding that the Florida Department of Education is a state agency and therefore not a "person" who can be sued under § 1983). Adams does not contest that the Department of Education is an arm of the State of Louisiana.

[8] *Brookshire Bros. Holding, Inc. v. Dayco Prods, Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009).

In her brief, Adams argues that summary judgment was inappropriate because RSD is a person under § 1983, and because RSD should not receive immunity from suit under the Eleventh Amendment. RSD, however, was no longer the actual defendant at the time of summary judgment. Adams's arguments are therefore unavailing, and provide no basis for relief.

For the foregoing reasons, we affirm the judgment of the district court.